IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sasha Alajawon Gaskins<br>in propria persona, | ) | Civil Case No. 2:15-cv-2589-DCN-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina, State of, | ) | |
| in her private and individual capacity | ) | |
| doing business as Scarlett A. Wilson, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Plaintiff Sasha Alajawon Gaskins ("Plaintiff") is proceeding *pro se* and brings this civil action against the defendant, named as "State of SOUTH CAROLINA, d/b/a Scarlett A. Wilson IN HER PRIVATE AND INDIVIDUAL CAPACITY…United States Ex relatione Sasha-Alajawon: Gaskin© Intervenor." (DE# 1, capitals in original). Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*. After careful review, the undersigned recommends that the Complaint be **dismissed** without prejudice, and without issuance and service of process, for the following reasons:

I.  Pro Se Prisoner

Although plaintiff indicates on the face of the complaint that she is "in propria persona" and "NOT PRO SE" (capitals in original), the two terms have essentially the same meaning. See Webster's Dictionary, defining the Latin term "in propria persona" as meaning "without the assistance of an attorney." The record reflects that plaintiff is proceeding without the assistance of an attorney. Therefore, she is proceeding "pro se."

Additionally, although plaintiff's complaint lists her address at a post office box in Clinton, South Carolina, a records check reveals that the plaintiff is currently incarcerated at Leath Correctional Institution in Greenwood, South Carolina (and was incarcerated there at the time this suit was filed). See http://public.doc.state.sc.us/scdc-public. She was convicted of armed robbery and burglary, sentenced to eighteen (18) years imprisonment, and has been incarcerated since 2011 to serve such sentence. This Court may properly take judicial notice of such public records. *See Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("we are not precluded in our review of the complaint from taking notice of items in the public record"); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir.2009).

II.  Liberal Construction of Pro se Pleadings

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) *cert. denied*, 475 U.S. 1088 (1986).

III.  Factual Allegations

It is nearly impossible to discern any coherent factual allegations, as plaintiff has filed a 14-page complaint that can only be described as nonsensical. A few excerpts will suffice to illustrate this. For example, plaintiff indicates:

> "By special visitation, I, Sasha Alajawon: Sui juris of the Gaskins Family am the Movant [hereinafter] referred to Secured Party/Plaintiff. Secured Party/Plaintiff is a natural born, free. Living, breathing, flesh and blood human with sentient and moral existence, a real woman upon the soil, a juris et de jure, also known as a Secured Party and a (sic) inhabitant, not a United States Citizen."

(DE# 1 at 5). She also refers to herself as a debtor and secured party, for example:

> This Secured Party is the Holder-In-Due-Course and has established an un-rebuttable Superior Claim over that of the STATE OF SOUTH CAROLINA, concerning the Debtor. Furthermore, STATE OF SOUTH CAROLINA cannot state a claim against DEBTOR SASHA ALAJAWON GASKINS.

(DE# 1 at 13). Amidst the many disconnected and unintelligible statements, plaintiff indicates: "Let it be known, until such a time as written proof of jurisdiction is demonstrated and filled (sic) in the court record of this case, the Accused shall be entitled to the conclusive presumption that lawful jurisdiction is lacking in Personam and In Rem." (DE# 1 at 3). She includes a page labeled as "International Commercial Affidavit Presented AS/UNDER LETTER ROGATORY" (DE# 1 at 4, capitals in original). She claims she is "not a subject of, or to, the South Carolina State Constitution of the United States Constitution, its Ordinances, Statutes, Codes, or Regulations; or subject of, or to, the Executive, Legislative, nor Judicial Jurisdiction of its actor(s) agent(s) officer(s), employee(s), or elected officials of Government, **as defined as Corporate**." (DE# 1 at 5, bold and punctuation in original). She indicates she is the "Grantor and

Sole Beneficiary of the SASHA ALAJAWON GASKINS © *Cestui Que Vie trust*, a documented

vessel under United States registry …" (DE#1 at 8, punctuation as in original).[1]

Plaintiff's lengthy complaint includes sections labeled "Special Notice to the Court,"

"International Commercial Affidavit," "Identification of Moving Party," "Status of Secured

Party," "State of Issues," "Notice of Void Judgment," "Jurisdiction," "Rescind of Signature,"

"Appointment of Trustee Notice of Fiduciary Trusteeship Duty Limited Fiduciary Trusteeship

Contract," "Caveat," "Judicial Notice," "FOR DEPOSIT PURSUANT TO 48 CIVIL RULES,"

and "Relief Sought and Conclusion." None of them shed any light on what controversy, claims,

or facts may be at issue, or what possible basis might exist for federal jurisdiction.

Although plaintiff includes sections labeled "State (sic) of Issues" and "Relief Sought and

Conclusion" (DE# 1 at 5-6, 13), they do not clarify matters in any way. (DE# 1 at 5). For

example, in the section labeled "Relief Sought & Conclusion," plaintiff asks:

> 1. That the COURT OF GENERAL SESSIONS OF THE 9th Circuit,
> Cause No. 2010 GS 1004761 is vacated for want of Subject Matter
> Jurisdiction and Dismiss with Prejudice.
> 2. That the Secured Party, Sasha Alajawon Gaskins© be discharged from
> the custody of any/all STATE OF SOUTH CAROLINA AGENCIES.
> 3. that Scarlett A. Wilson must prove and provide on the record that she
> had neither any jurisdiction nor any Law that can supersede the Holder-
> In-Due-Course Priority Claim. If Scarlett A. Wilson states any Law,
> please have her for the record showing any/all Certifications of Statutes
> that she may use.

## IV. Analysis

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Even liberally construing the complaint, it is not possible to discern any cause of action,

much less any coherent supporting facts. Plaintiff's allegations are disconnected, rambling, and

---

[1] The term "Cestui Que" is an archaic French term meaning "The person for whom a benefit exists." See www.legal-dictionary.com. Black's Law Online Legal Dictionary 2nd Ed. defines the term "Cestui Que Use" as the right to receive the profits and benefits of an estate, but with the legal title and possession (as well as the duty of defending the same) residing in another.

nonsensical. The United States Supreme Court has explained that a "patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (collecting cases and observing that "this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit' "); *Holloway v. Pagan River Dockside Seafood, Inc*., 669 F.3d 448, 452–53 (4th Cir.2012) (same).

This is such a case. The complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit" and therefore is subject to dismissal pursuant to Rule 12(b)(1). Fed.R.Civ.P. 12(b)(1). Rule 8 requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ.P. 8(a)(1). No basis for subject matter jurisdiction can be discerned from the 14-page rambling complaint. The complaint refers to a wide smattering of statutes and purported cases that have no relation to each other. For example, in disconnected fashion, the complaint refers to the Uniform Commercial Code ("UCC"), 48 C.F.R. § 1 (Federal Acquisition Regulation), 48 C.F.R. § 53 (specifying agency-prescribed forms for use in acquisition), 48 C.F.R. § 228 (General Contracting Requirements for the Department of Defense), and so forth. Although plaintiff cites 28 U.S.C. § 1331, no federal question can be discerned from the complaint, even with liberal construction. The complaint alleges no discernible cause of action.

Even liberally construing it, the complaint fails to allege any sort of "colorable claim" and fails to allege facts that would provide any basis for federal question jurisdiction. *See, e.g., Brunson v. United States*, 2014 WL 4402803 (D.S.C.) (J. Anderson) (summarily dismissing

complaint because it alleged irrational, factually frivolous allegations which were insufficient to establish subject matter jurisdiction); *Carter v. Ervin*, 2014 WL 2468351 (D.S.C.) (J. Wooten) (same, summarily dismissing complaint without prejudice and without issuance and service of process), *appeal dismissed by* 585 Fed.Appx. 98 (4th Cir. 2014).

Plaintiff's complaint is difficult to follow and has many hall-marks of, and appears to be premised on, the "sovereign citizen" theory. *See Parker v. Spencer,* 2015 WL 3870277, *3 (D.S.C.) (quoting *United States v. Ulloa*, 511 F.App'x 105, 106 n. 1 (2d Cir.2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); *Presley v. Prodan*, 2013 WL 1342465, *2 (D.S.C.), *adopted by* 2013 WL 1342539 (D.S.C.) (collecting cases describing the "sovereign citizen" movement and its common features). For example, plaintiff contends that she is a "secured party" and a "flesh and blood" person not subject to the laws and jurisdiction of the United States or South Carolina. She alleges that the state court "lacked jurisdiction" over her and that her state criminal conviction is therefore "void."

Courts have repeatedly rejected this baseless "sovereign citizen" theory of jurisdiction. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir.2011) ("Regardless of an individual's claimed status … as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *cert. denied*, 132 U.S. 1051 (2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992) (defendant claimed he was "outside" the jurisdiction of the United

States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion").

Even giving this petition the liberal construction afforded to *pro se* filings, the complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Randolph v. Metlife Bank NA*, 2013 WL 1386346 (D.S.C.) (despite references to various federal legal authorities, the complaint provided no basis for federal question jurisdiction), *adopted by* 2013 WL 1386703 (D.S.C.) (J. Seymour) ("the complaint raised no colorable federal question"). The Fourth Circuit Court of Appeals has explained that "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Chong Su Yi v. Soc. Sec. Admin.*, 2014 WL 629513, at *1 (4th Cir.) (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case). Plaintiff's complaint seeks damages for her current incarceration based on a purported lack of jurisdiction over her as a "flesh and blood" person (premised on a frivolous "sovereign citizen" theory). The plaintiff's complaint is so "patently insubstantial" that it may properly be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1). *Neitzke*, 490 U.S. at 327 n.6.

B.  Non-Cognizable Claims for Damages

In her complaint, plaintiff does not refer to 42 U.S.C. § 1983, does not refer to any constitutional rights, and does not allege facts that would suggest a cognizable claim for any sort of constitutional violation. Although courts give "liberal construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797. Although plaintiff does not base her suit on any statute that would provide a basis for subject matter jurisdiction in the federal courts, plaintiff seeks monetary damages as follows: "upon the

determination of this court that [state] jurisdiction is, in fact, lacking in the cause in question, any act (or future acts) of detention, arrest, incarceration, or physical harm to Sasha Alajawon Gaskins®, *Sui Juri,* a real flesh and blood State Citizen is assigned the minimum monetary values as per precedent established by Trezevant v. City of Tampa, 741 D.2d 336 (1984), where the court awarded $25,000.00 per 23 minute period, i.e. $65,217.91 per hour, plus punitive damages in the amount decided solely by Sasha Alajawon Gaskins®, *Sui* Juri, Secured Party." (DE# 1 at 3, as in original).[2]

Even assuming federal jurisdiction, and further assuming that plaintiff's complaint could be liberally construed as an action under § 1983, plaintiff's claim for monetary damages is not cognizable because her state conviction has not been overturned or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 suit for monetary damages is barred if prevailing in the action would necessarily require the plaintiff to prove the unlawfulness of her conviction); *Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").[3]

If plaintiff desires to challenge her state conviction and sentence (rather than seeking monetary damages premised on a frivolous theory that the state court lacked jurisdiction over her as a "sovereign citizen"), those allegations would have to be timely raised in a habeas petition

---

[2] There is no case opinion at the citation "741 D.2d 336."

[3] To the extent plaintiff may be attempting to seek monetary damages from South Carolina "doing business as" prosecutor Scarlett A. Wilson, the complaint does not allege any actions by Wilson, and in any event, prosecutors have absolute immunity for activities in or connected with judicial proceedings, including criminal trials. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993); *Burns v. Reed*, 500 U.S. 478, 489-91 (1991); *Dababnah v. KellerBurnside*, 208 F.3d 467, 470 (4th Cir.2000). Thus, any claim for damages based on the Scarlett A. Wilson's role in prosecuting the plaintiff's state criminal case would be barred from suit under § 1983.

Page **8** of **10**

under 28 U.S.C. § 2254 following exhaustion of state remedies. *Muhammed,* 540 U.S. at 750 (observing that damages are not available in habeas actions).

## IV.   Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE# 1) be **dismissed** without prejudice, and without issuance and service of process. Given that the *pro se* plaintiff is presently incarcerated, the Clerk of Court is **directed** to enter a change of address for the plaintiff (SCDC ID:00345415) at Leath Correctional Institution, 2809 Airport Road, Greenwood South Carolina 29649.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 15, 2015
Charleston, South Carolina

Petitioner's attention is directed to the IMPORTANT NOTICE on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).